# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CIVIL CASE NO. 3:06cv417**

| | |
|---|---|
| DAVID C. JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> METROPOLITAN LIFE INSURANCE ) <br> COMPANY; BANK OF AMERICA ) <br> CORPORATION; BANK OF ) <br> AMERICA LONG TERM DISABILITY ) <br> BENEFITS PLAN; and BANK OF ) <br> AMERICA GROUP BENEFITS ) <br> PROGRAM, ) <br> ) <br> Defendants. ) <br> ) | **AMENDED PRETRIAL ORDER AND CASE MANAGEMENT PLAN** |

**THIS MATTER** is before the Court on the parties' Joint Status Report [Doc. 19]. In light of the parties' Joint Status Report, the Court hereby enters the following Pretrial Order and Case Management Plan in this matter:

I.

A. TRACK ASSIGNMENT: This case is assigned to the STANDARD Case Management Track.

II.

A. DISCOVERY COMPLETION: All discovery shall be completed no later than **JANUARY 15, 2008**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

III.

A. MOTIONS DEADLINE: All motions except motions in limine and motions to continue shall be filed no later than **FEBRUARY 15, 2008**. Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B. MOTIONS HEARINGS: Hearing on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision.

All motions requiring a hearing will be heard as soon as is practical. The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

C. MEMORANDA IN SUPPORT OF MOTIONS: Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. No brief may exceed 25 pages without Court approval. Briefs must be double spaced and in

at least 14 point type. Motions not in compliance with this order are subject to summary denial.

D. RESPONSES TO MOTIONS: Responses to motions, if any, must be filed within fourteen (14) days of the date on which the certificate of service is signed. The Court deems a motion ripe for determination upon the timely filing of the response. Where a motion is not responded to within the time provided, the Court will routinely grant the relief requested, if good cause is shown in such motion. The filing of a reply brief is allowed only if the response raises new matters and if the reply is limited to a discussion of such newly raised matters. Such reply should be filed no later than seven (7) days after the filing of the response. See LR 7.1(B), "Time Frames for the Filing of Responses to Motions and for Reply Motions."

E. MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the

spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. TRIAL PROCEDURES

A. TRIAL SUBPOENAS: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the day on which the Clerk of Court has set the case for trial. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. COUNSEL'S DUTIES PRIOR TO TRIAL: <u>Either one week before trial or at the final pretrial conference</u>, which ever is later, counsel for all parties shall:

(a) Discuss the possibility of a settlement;

(b) Exchange copies of exhibits or permit inspection if copying is impractical;

(c) Number and become acquainted with all exhibits;

(d) Agree upon the issues, reduce them to writing and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court;

(e) Agree upon stipulations of fact and file such stipulations with the Court. The parties are encouraged to stipulate to as many facts a possible to facilitate the trial of the case;

(f) Submit a trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial briefs shall not exceed 25 pages and shall be double spaced and in at least 14 point type; and

(g) Submit proposed Findings of Fact and Conclusions of Law.

C. SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

D. COUNSEL'S PRE-TRIAL FILINGS: No later than **the morning of the first day of trial**, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d) An exhibit list.

No later than **fourteen (14) days** prior to the first day of trial, counsel for each party shall file any motions *in limine*. Responses to any such motions must be filed no later than **seven (7) days** prior to the first day of trial.

E. EXHIBIT NOTEBOOKS: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>four (4) identical exhibit notebooks</u>, or sets of exhibit notebooks. Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the

witness and Court personnel each have an exhibit notebook, or set of exhibit notebooks.

F. FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>   <u>Description</u>   <u>Identified by</u>   <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

## V.

A. TRIAL DATE: Trial is scheduled to commence **WITHOUT** a jury during the first mixed trial term beginning on or after **April 21, 2008.**

B. LENGTH OF TRIAL: Trial is anticipated to last **1 day.**

C. MEDIATION: Mediation **IS** ordered in this case. Mediation shall be completed on or before **DECEMBER 15, 2007**.

D. A district judge or magistrate may convene a settlement conference at any time.

VI.

A. OUT-OF-DISTRICT COUNSEL: Out-of-district counsel are advised that they may appear without counsel who are residents of this district, but that, if they so appear, they will be held to the same standards of promptness and availability and attendance at all proceedings as counsel who live in this district.

VII.

A. To the extent that any provision of the local rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

**IT IS SO ORDERED.**

Signed: October 2, 2007

Martin Reidinger
United States District Judge